**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **THE CINCINNATI INSURANCE COMPANY,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:21-CV-00298-LY** |
| **ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.,** | § § § | |
| **Defendant.** | § § | |

**DEFENDANT ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT FOR
<u>DECLARATORY JUDGMENT AND COUNTERCLAIM</u>**

COMES NOW ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC. ("ERCOT" or "Defendant") and files its Answer to Plaintiff The Cincinnati Insurance Company's ("Cincinnati" or "Plaintiff") First Amended Complaint for Declaratory Judgment (the "Complaint") [Doc. 4] and Counterclaim. ERCOT would respectfully show the Court as follows:

## I.    DEFENSE TO PLAINTIFFS' CLAIMS

Some of Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court lacks subject matter jurisdiction over Plaintiff's claims pertaining to indemnity coverage because there is no current justiciable controversy between the parties related thereto, as there has been no judgment against Defendant in the underlying lawsuits.

## II.    DEFENDANT'S ANSWER

Subject to the foregoing defenses, Defendant responds, paragraph by paragraph, to the Complaint as follows:

## NATURE OF THE ACTION

1.　　Defendant admits that Plaintiff asks the Court to issue a declaratory judgment regarding a policy of insurance issued to ERCOT but denies that Plaintiff is entitled to the relief sought. Defendant admits that the underlying lawsuits seek damages arising out of the February 2021 Winter Storm and related power outages in the State of Texas. Defendant denies any remaining allegations in paragraph 1.

## PARTIES

2.　　Defendant is without sufficient information to admit or deny the allegations in paragraph 2.

3.　　Defendant admits that it is a Texas nonprofit corporation with its principal place of business in Austin, Texas, and further admits that it is a citizen of the State of Texas. Defendant denies that Bill Magness is the current registered agent for ERCOT but admits that it has waived service in this case.

## JURISDICTION

4.　　Defendant admits that this court has subject matter jurisdiction with respect to all claims asserted other than Plaintiff's claims pertaining to indemnity coverage.

## VENUE

5.　　Defendant admits the allegations contained in paragraph 5.

## FACTUAL BACKGROUND

A.　　**The Policy**

6.　　Defendant admits the allegations contained in paragraph 6.

7.　　Defendant admits the allegations contained in paragraph 7.

8.      Defendant admits that Plaintiff issued the policy referenced in paragraph 8. With respect to Plaintiff's allegations regarding the terms of the policies, Defendant states that the policy speaks for itself. Defendant denies any remaining allegations contained in paragraph 8.

9.      Defendant admits that Plaintiff issued the policy referenced in paragraph 9. With respect to Plaintiff's allegations regarding the terms of the policies, Defendant states that the policy speaks for itself. Defendant denies any remaining allegations contained in paragraph 9.

10.      Defendant admits that Plaintiff issued the policy referenced in paragraph 10. With respect to Plaintiff's allegations regarding the terms of the policies, Defendant states that the policy speaks for itself. Defendant denies any remaining allegations contained in paragraph 10.

11.      Defendant admits that Plaintiff issued the policy referenced in paragraph 11. With respect to Plaintiff's allegations regarding the terms of the policies, Defendant states that the policy speaks for itself. Defendant denies any remaining allegations contained in paragraph 11.

12.      Defendant admits that Plaintiff issued the policy referenced in paragraph 12. With respect to Plaintiff's allegations regarding the terms of the policies, Defendant states that the policy speaks for itself. Defendant denies any remaining allegations contained in paragraph 12.

13.      Defendant admits that Plaintiff issued the policy referenced in paragraph 13. With respect to Plaintiff's allegations regarding the terms of the policies, Defendant states that the policy speaks for itself. Defendant denies any remaining allegations contained in paragraph 13.

14.      Defendant admits that Plaintiff issued the policy referenced in paragraph 14. With respect to Plaintiff's allegations regarding the terms of the policies, Defendant states that the policy speaks for itself. Defendant denies any remaining allegations contained in paragraph 14.

**B.      Winter Storm Uri**

15.      Defendant admits that a storm referred to as Winter Storm Uri took place in February of 2021. Defendant is without sufficient information to admit or deny the allegations regarding the impact of the storm or the date the storm's effects began. To the extent necessary, any remaining allegations contained in paragraph 15 are denied.

16.      Defendant admits that, on February 14th and 15th of 2021, Winter Storm Uri brought snow, ice, and freezing temperatures across Texas. Defendant is without sufficient information to state the exact number of residences left without power. Defendant admits that it was forced to order TDSPs to curtail load in order to manage the power grid. Defendant denies any remaining allegations contained in paragraph 16.

17.      Defendant admits that it manages the flow of electric power to more than 26 million Texas customers—representing about 90 percent of the state's electric load. Defendant admits that, as the independent system operator for the region, ERCOT schedules power on an electric grid that connects more than 52,700+ miles of transmission lines and 1,030+ generation units. Defendant denies any remaining allegations contained in paragraph 17.

18.      Defendant admits it describes itself as an "air traffic controller" in everyday parlance.  Defendant denies any remaining allegations contained in paragraph 18.

**C.      The Underlying Claims and Suits**

19.      Defendant admits the allegations contained in paragraph 19.

20.      Defendant admits that it retained Elliot Clark of Winstead P.C. to represent ERCOT in litigation matters related to the February 2021 winter storm. Defendant denies any remaining allegations contained in paragraph 20.

21.     Defendant admits that Cincinnati sent correspondence to Defendant indicating that coverage may be denied and requesting information. Defendant denies any remaining allegations contained in paragraph 21.

22.     Defendant admits the allegations contained in paragraph 22.

23.     Defendant admits that Cincinnati issued coverage position letters but denies that the Policy does not provide coverage. Defendant denies any remaining allegations contained in paragraph 23.

24.     Defendant admits the allegations contained in paragraph 24.

25.     Defendant admits the allegations contained in paragraph 25.

26.     Defendant admits the allegations contained in paragraph 26, subject to the clarification that Judge Matthews signed the Order staying all cases on July 29, 2021, not July 26, 2021.

27.     With regard to the allegations contained in paragraph 27, Defendant admits that certain plaintiffs in the Underlying Lawsuits filed amended petitions pursuant to a later amendment to Case Management Order No. 1 that extended the deadlines in that Order. Defendant states that the petitions filed by the plaintiffs in the Underlying Lawsuits speak for themselves. Defendant denies Cincinnati's characterization of the allegations, including those set forth in subparts a) through x) of paragraph 27, to the extent they differ from the actual allegations contained in the petitions. Defendant denies that a "Master Petition" exists in the Underlying Lawsuit. To the extent necessary, any remaining allegations contained in paragraph 27 are denied.

28.     With regard to the allegations contained in paragraph 28, Defendant admits that plaintiffs in the Underlying Lawsuits filed amended petitions but denies Cincinnati's

characterization of the allegations to the extent they differ from the actual allegations contained in the petitions and denies that a "Master Petition" exists in the Underlying Lawsuits.

29.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

30.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

31.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

32.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

33.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

34.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

35.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

36.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

37.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

38.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

39.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

40.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

41.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

42.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

43.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

44.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

45.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

46.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

47.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

48.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

49.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

50.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

51.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

52.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

53.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

54.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

55.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

56.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

57.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

58.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself.

59.     Defendant admits that plaintiffs in the Underlying Lawsuits filed amended petitions but denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petitions and denies that a "Master Petition" exists in the Underlying Lawsuits.

60.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

61.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

62.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

63.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

64.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

65.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

66.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

67.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

68.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

69.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

70.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

71.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

72.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

73.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

74.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

75.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

76.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

77.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

78.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

79.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

80.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

81.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

82.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

83.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

84.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

85.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

86.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

87.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

88.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

89.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

90.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

91.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

92.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

93.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

94.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

95.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

96.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

97.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

98.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

99.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

100.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

101.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

102.    Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

103.    Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

104.    Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

105.    Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

106.    Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

107.    Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

108.    Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

109.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

110.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

111.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

112.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

113.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

114.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

115.     Defendant admits that certain plaintiffs in the Underlying Lawsuits filed amended petitions but denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petitions and denies that a "Master Petition" exists in the Underlying Lawsuits.

116.    Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

117.    Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

118.    Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

119.    Defendant admits that the lawsuit was filed, but states that the complaint filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the complaint.

120.    Defendant admits that the lawsuit was filed, but states that the complaint filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the complaint.

121.    Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

122.    Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

123.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

124.     Defendant admits that the lawsuit was filed, but states that the complaint filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the complaint.

125.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

126.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

127.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

128.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

129.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

130.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

131.     Defendant admits that the lawsuit was filed, but states that the petition filed in the lawsuit speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the petition.

132.     Defendant admits that the Complaint of Engie Energy Marketing, NA, Inc. and Viridity Energy Solutions, Inc. referenced in paragraph 132 was filed before the Public Utility Commission but states that the Complaint speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the Complaint.

133.     Defendant admits that the Priority Power Management LLC Complaint and Appeal of the Decisions of ERCOT referenced in paragraph 133 was filed before the Public Utility Commission but states that the Complaint and Appeal speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the Complaint and Appeal.

134.     Defendant admits that a Civil Investigative Demand was issued as referenced in paragraph 134 but states that the Civil Investigative Demand speaks for itself. Defendant denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the Civil Investigative Demand.

135.     Defendant admits that a Notice to Preserve Documentation was issued as referenced in paragraph 135 but states that the Notice to Preserve Documentation speaks for itself. Defendant

denies Cincinnati's characterization of the allegations to the extent they differ from the actual allegations contained in the Notice to Preserve Documentation.

## <u>NO COVERAGE FOR THE CLAIMS</u>

Defendant denies that there is no coverage for the claims at issue in this case.

136.    Defendant denies the allegations contained in paragraph 136.

137.    Defendant denies the allegations contained in paragraph 137.

138.    Defendant denies the allegations contained in paragraph 138.

139.    Defendant denies the allegations contained in paragraph 139.

140.    Defendant denies the allegations contained in paragraph 140.

141.    Defendant denies the allegations contained in paragraph 141.

142.    Defendant denies the allegations contained in paragraph 142.

143.    Defendant denies the allegations contained in paragraph 143.

144.    Defendant denies the allegations contained in paragraph 144.

145.    Defendant denies the allegations contained in paragraph 145.

146.    Defendant admits that additional lawsuits may be filed but denies the remaining allegations contained in paragraph 146.

147.    Defendant denies the allegations contained in paragraph 147.

148.    Defendant admits that it seeks coverage for some of the Underlying Matters, admits that Cincinnati denies that it has a duty to defend, and admits that an actual case or controversy exists. Any remaining allegations contained in paragraph 148 are denied.

149.    Defendant denies the allegations contained in paragraph 149.

150.    Defendant admits that a declaratory judgment is necessary and proper but denies that Cincinnati is entitled to the declaratory relief sought in this case.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in its prayer, including its request for judgment set forth in paragraphs A., B. and C.

All allegations not otherwise admitted or denied above are denied.

### III.    ERCOT's COUNTERCLAIM

COMES NOW Defendant / Counter-Plaintiff ERCOT and files this Original Counterclaim. ERCOT respectfully states as follows:

### I.    Parties

151.    Defendant / Counter-Plaintiff ERCOT is a membership-based 501(c)(4) nonprofit corporation governed by its Board of Directors, subject to the complete oversight of the Public Utility Commission of Texas and the Texas Legislature, with its principal place of business in Austin, Texas.

152.    Cincinnati is an Ohio corporation with its principal place of business in Fairfield, Ohio, and is therefore a citizen of Ohio.

### II.    Jurisdiction and Venue

153.    Other than Plaintiff / Counter-Defendant's claims pertaining to indemnity coverage, this Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Defendant / Counter-Plaintiff and Plaintiff / Counter-Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs. Further, this Counterclaim involves the same policy as is at issue in Cincinnati's First Amended Complaint for Declaratory Judgment. The Court, therefore, has jurisdiction over this Counterclaim.

154.    Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391.

### III.    Factual Background

155.    Cincinnati issued Policy ENP 017 12 52 with effective dates of June 1, 2019 to June 1, 2022 to ERCOT (the "Policy").

156.    Following the February 2021 Winter Storm, multiple lawsuits were filed against ERCOT for damages associated with the storm (the "Underlying Lawsuits").

157.    ERCOT tendered the Underlying Lawsuits to Cincinnati for defense and indemnity coverage under the Policy.

157.    Cincinnati improperly denied coverage for each of the Underlying Lawsuits, leaving ERCOT to pay for its own defense.

### IV.    Causes of Action

158.    Each of the foregoing paragraphs is incorporated by reference in the following causes of action.

### A.    Breach of Contract

159.    The Policy sets forth contractual obligations on the part of Cincinnati to defend and indemnify ERCOT in connection with claims asserted against it which allege "bodily injury" and "property damage" resulting from an "occurrence."

160.    Based on the allegations contained in the petitions filed in the Underlying Lawsuits, Cincinnati has had a duty to defend ERCOT against the claims asserted by the underlying plaintiffs under the terms of the Policy from the date of tender, and continues to have a duty to defend.

161.    Cincinnati breached its insurance contract by failing to provide a defense to ERCOT for the Underlying Lawsuits.

162.    ERCOT has suffered damages as a result of Cincinnati's breach of the insurance contract.

**B.      Violation of the Texas Insurance Code**

163.    The failure of Cincinnati to promptly accept defense coverage when it is reasonably clear that coverage exists constitutes a violation of the Texas Prompt Payment of Claims Act, codified at Section 542.051 *et seq.* of the Texas Insurance Code.

164.    Therefore, in addition to its claim for damages, ERCOT is entitled to an 18% penalty and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.      Attorneys' Fees**

165.    ERCOT engaged the undersigned to prosecute this counterclaim against Cincinnati and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

166.    ERCOT prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code. In addition, and/or in the alternative, ERCOT is entitled to attorneys' fees as permitted under the Texas Prompt Payment of Claims Act.

**V.      Conditions Precedent**

167.    All conditions precedent to ERCOT's right to recover under the Policy have occurred, have been fully performed, or have been waived by Cincinnati.

**IV.      PRAYER**

WHEREFORE, PREMISES CONSIDERED, ERCOT respectfully requests that, upon final hearing of the case, this Court declare and adjudge that Cincinnati has a duty to defend ERCOT in the Underlying Lawsuits, that Cincinnati has breached the insurance policy by failing to defend, that ERCOT recover all damages from and against Cincinnati that may be reasonably established by a preponderance of the evidence, and that ERCOT be awarded statutory penalties, attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment

interest, and such other and further relief, general or special, at law or in equity, to which ERCOT may show itself to be justly entitled.

Respectfully submitted,

**SHIDLOFSKY LAW FIRM, PLLC**

By:      *Rebecca DiMasi*
Rebecca DiMasi
Attorney-In-Charge
Texas Bar No.: 24007115
rebecca@shidlofskylaw.com
Lee H. Shidlofsky
Attorney-In-Charge
State Bar No. 24003927
lee@shidlofskylaw.com
7200 North Mopac Expwy., Suite 430
Austin, Texas 78731
Tel: (512) 685-1400
Fax: (866) 232-8710

**ATTORNEYS FOR DEFENDANT ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on August 3, 2022, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, Austin Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to attorneys of record for all parties who have consented in writing to accept service by electronic means.

*/s/ Rebecca DiMasi*
Rebecca DiMasi